IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY d/b/a
ECONOMY PREMIER ASSURANCE COMPANY                    PLAINTIFF

VS                                    CIVIL ACTION NO. 2:09cv016KS-MTP

CLAYCO CONSTRUCTION GROUP, LLC                       DEFENDANT

## ORDER

Before this Court is Defendant Clayco Construction Group, LLC's Motion to Overrule Objection of Met Life Regarding Clayton Speed. [Doc. # 84]. Plaintiff Met Life objects to the designation of Hattiesburg Fire Investigator Clayton Speed as an expert because he was not designated as an expert until the pretrial order and has not provided a written report.

### I. LAW

Federal Rule of Civil Procedure 26(a)(2) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED R. CIV. P. 26(a)(2)(A). It further provides that a written report written and signed by the expert should be submitted if "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED R. CIV. P. 26(a)(2)(B). Finally, the Rule states that "a party must make these disclosures at the times and in the sequence that the court orders." FED R. CIV. P. 26(a)(2)(C). Rule 37 states that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

1

witness to supply evidence... at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The party that failed to disclose has the burden to demonstrate that the failure was harmless. *See West v. Drury Co.*, No. 2:07cv215-PA, 2008 WL 5169682 at *1 (S.D. Miss.)(Dec. 9, 2008). In determining whether the expert witness should be excluded, the Court considers several factors:

>  (1) the explanation, if any, for the party's failure to comply with the discovery order;
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
> (3) the possibility of curing such prejudice by granting a continuance; and
> (4) the importance of the witness's testimony.

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The Fifth Circuit has recognized that adherence to scheduling deadlines is "critical in maintaining the integrity of the judicial proceedings." *1488, Inc. v. Philsec Inc. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991) (holding that district court did not abuse discretion by refusing expert designation out of time); *see also Geiserman v. McDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (holding that delays increase cost of litigation and are a factor causing disrespect for lawyers and judicial process).

The Local Rules further advise parties to make expert witness disclosures by the Case Management Order deadlines and that "failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial.". L.U. CIV. R. 26(a)(2). "The Court will allow designation or discovery of expert witnesses after the discovery period "only upon a showing of good cause." L.U. CIV. R. 26(a)(2)(C). The Local Rules also state that "a party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial." L.U. CIV. R. 26(a)(2)(D). While the rule does not require a written report for

these witnesses, the rule requires disclosure of the subject matter and "a summary of the facts and opinions to which the witness is expected to testify." L.U. CIV. R. 26(a)(2)(D). While the Local Rules were revised as of December 1, 2009, to clarify the disclosure rules, this rule has consistently required disclosure of experts by the deadline established in the case management order.

## II. ANALYSIS

Clayco first argues that although Speed was not formally disclosed as an expert in its designations, he had been identified and made known to all parties since his initial investigation of the fire and that he is exempt from filing a report under the rules. Secondly, Clayco argues that his testimony should not be excluded because Met Life never filed a Motion to Compel disclosure or sought court intervention although they were aware of the "obvious nature of Clayton Speed's position in this case as a witness who is not specifically retained by any party for purposes of testifying at trial, but was employed by the City of Hattiesburg as a Fire Investigator who did, in fact, investigate the cause and origin of this fire." Clayco's Motion ¶ ¶6-7 [Doc. # 84]. Finally, Clayco urges the Court to consider whether the failure was harmless or substantially justified. The relevant deadlines in this case are as follows:

> Plaintiff Met Life's designation of experts due June 1, 2009
> Defendant Clayco's designation of experts due July 15, 2009
> Discovery deadline October 22, 2009[1]

Case Management Order [Doc. # 7](March 11, 2009).

---

[1] The discovery deadline was October 1, 2009 in the Case Management Order but was reset by Order of the Court [Doc. # 35](Sept. 3, 2009) on the Motion of Defendant Clayco.

### A. Was Speed sufficiently identified as an expert witness?

The Court finds that Clayco did not sufficiently designate Speed as an expert prior to its deadline. Both parties knew that Speed investigated the fire and formed an opinion as to its cause and origin. Met Life's own expert, Dulaney, noted that Speed was present on the fire scene when he inspected. Further, Met Life was made aware of Speed's opinion because Clayco's expert Van Presson noted Speed's opinion in his report. The issue, however, is not whether Met Life knew that Speed had an opinion, but whether Clayco properly disclosed that it planned to rely on this opinion at trial, allowing Met Life sufficient time to depose Speed to determine the extent of his investigation and the basis of his opinions. Met Life would not be on notice to file a Motion to Compel this information because it was not informed of Clayco's intent to call Speed as an expert until the drafting of the Pretrial Order.

The Court also finds that Clayco's supplementation of discovery in September of 2009, well past the expert designation deadline, is insufficient to identify Speed as an expert. Clayco argues that it identified Speed as a person with knowledge and disclosed photographs taken by Speed. Again, this may have alerted Met Life that he would be called as a fact witness to describe his firsthand knowledge of the scene and what he saw, but this is not sufficient notification of Clayco's intent to introduce his opinions as to cause and origin of the fire. Finally, Clayco's August 2009 responses to interrogatories stating that the Hattiesburg fire investigators believed that the fire started in the attic and not the roof, even if an appropriate designation, is also out of time. because the Court finds that Clayco did not timely designate Speed as an expert, it need not address whether Clayco provided an adequate summary of Speed's findings to Met Life.

4

### B. Should Speed's expert opinions be excluded?

Having found that Clayco did not designate Speed as an expert before its deadline, the Court, applying the factors provided by the Fifth Circuit, holds that his expert testimony should be excluded. First, Clayco's misunderstanding of the law is not an adequate excuse as ignorance of the law is no defense. Nor is the Court swayed by the argument that Clayco need not follow the rules because Met Life already knew of Speed and his opinions. The mere fact that Met Life was aware that a person had an opinion does not put them on notice that these opinions will be presented in court or that they are sufficiently grounded in the facts. Secondly, Met Life would be prejudiced by allowing Speed's expert testimony. Met Life has not had the opportunity over the course of discovery to inquire as to Speed's opinions, methodology, or basis for his opinions. Third, a continuance at this late stage of litigation, a week before trial, would be disruptive and would result in unnecessary delay and expense. Finally, the Court is not swayed by the importance of Speed's expert opinion. Clayco has designated a different expert, Van Presson, who will testify as to the cause and origin of the fire. Further, Clayco has listed the Hattiesburg Fire Department Report as an exhibit, which will be admissible subject to the applicable rules of evidence and the laying of a proper foundation. Finally, Clayco will still be allowed to call Speed as a fact witness.

### III. CONCLUSION

Clayco failed to timely disclose Speed as an expert. Therefore, Speed's expert opinion will be excluded at trial as a sanction for its failure to comply with the Court's discovery orders. This order does not, however, affect Clayco's ability to present Speed as a fact witness as he has

5

firsthand knowledge of the fire scene.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Clayco's Motion to Overrule Objection of Met Life Regarding Clayton Speed [Doc. # 84] is **denied.**

IT IS FURTHER ORDER AND ADJUDGED that Met Life's objection to Clayton Speed's expert designation is **sustained**.

SO ORDERED AND ADJUDGED on this, the 18th day of March, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE